**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-40322
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE PROBY, JR.,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
(3:96-CR-9-1)

September 16, 1998

Before POLITZ, Chief Judge, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

Willie Proby, Jr., appeals from his conviction for possession with intent to distribute cocaine base. Before entering a guilty plea Proby moved to suppress the evidence secured by the officers' warrantless search of his person and hotel room. The trial court conducted a suppression hearing, including the testimony of Proby and the police officers, and found that Proby had consented to the search by gesturing for the officers to enter. The court denied Proby's motion to suppress.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Proby contends that the district court clearly erred in finding that he had consented voluntarily, in finding that the search was within the scope of any such consent, and in failing to determine whether the initial confrontation was legitimate. We review the district court's ruling on a motion to suppress after a suppression hearing for clear error,[1] viewing the evidence in the light most favorable to the prevailing party, except where such is inconsistent with the direct trial court's findings or is clearly erroneous in light of the entire record as a whole.[2]

Our review of the entire record discloses no clear error in the findings of the trial court.[3] Further, under the circumstances of this case, we perceive no merit in Proby's contention that the district court erred in failing to specifically determine whether the initial confrontation was legitimate.

The decision appealed is AFFIRMED.

---

[1] **United States v. Cooper**, 43 F.3d 140 (5th Cir. 1995).

[2] **United States v. Gonzales**, 79 F.3d 413 (5th Cir. 1996).

[3] **Anderson v. City of Bessemer City**, 470 U.S. 564 (1985).